```
                    UNITED STATES DISTRICT COURT
                    EASTERN DIVISION OF KENTUCKY
                         PIKEVILLE DIVISION
```

MICKEY NEWSOME,                )
                               )
         Plaintiff,            )
                               )
    v.                         )    Case No. 7:13-CV-141-JMH
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of         )    **MEMORANDUM OPINION & ORDER**
Social Security,               )
                               )
         Defendant.            )

                              ***

This matter is before the Court upon cross-motions for summary judgment (DE 10, 11) on Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and the parties' motions, will deny Plaintiff's motion and grant Defendant's motion.

**I.**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.

## II.

Plaintiff, was 43 years old as of the ALJ's October 11, 2012, hearing decision, can understand English, and has a limited education (Tr. 21, 183, 187, 189). Plaintiff has past relevant work experience as an outside mining laborer and gas line and well maintenance laborer (Tr. 20, 57, 189, 197-205).

Plaintiff filed for a period of disability and disability insurance benefits, alleging an onset date of March 29, 2010, with a protective filing date of January 1, 2011 (Tr. 13, 164-67, 183). After Plaintiff's claim was denied at the initial and reconsideration levels (Tr. 62, 76), a hearing was held on July 25, 2012 (Tr. 27-61). Following that hearing, the ALJ concluded that Plaintiff had severe impairments of diabetes mellitus with neuropathy into the left lower extremity, chronic obstructive pulmonary disease (COPD), internal derangement of the left knee, Charcot's disease, and morbid obesity (Tr. 15-16, Finding No. 4).[1] The ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a listing (Tr. 16-17, Finding No. 5).

After a careful evaluation of all the evidence of record, the ALJ found Plaintiff had the RFC to perform sedentary work with no pushing, pulling, or operating foot controls with the left lower extremity; no climbing ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no concentrated exposure to wetness; not even moderate exposure to

---

[1] As the Commissioner explains, while the ALJ's decision lists the impairment as "retinopathy into the left lower extremity," the ALJ apparently meant neuropathy rather than retinopathy, given that retinopathies are confined to the eyes. As the medical evidence in this matter discusses "neuropathy" throughout, the Court will assume this, as well.

extreme cold, extreme heat, humidity, poorly ventilated areas, hazards such as moving machinery or unprotected heights, and irritants such as fumes, odors, dust, and gases; and no exposure to excessive vibration (Tr. 17-20, Finding No. 6). The ALJ then found Plaintiff could not return to his past relevant work (Tr. 20-21, Finding No. 7). Relying on vocational expert (VE) testimony, the ALJ found Plaintiff could do other work that existed in the national economy (Tr. 21-22, Finding No. 11; 56-60). The ALJ thus found Plaintiff was not disabled (Tr. 22, Finding No. 12).

In an October 11, 2012, hearing decision, the ALJ denied Plaintiff's claim (Tr. 10-26). On November 6, 2013, the Appeals Council denied Plaintiff's request for review (Tr. 1-6). Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g)..

### III.

Pursuant to 42 U.S.C. § 405(g), this Court reviews this administrative decision to determine "whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)) (internal quotation marks omitted). "Substantial evidence" is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)) (internal quotation marks omitted). In other words, as long as an administrative decision is supported by "substantial evidence," this Court must affirm, regardless of whether there is evidence in the record to "support a different conclusion." *Lindsley*, 560 F.3d at 604-05 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)) (internal quotation marks omitted) ("administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion").

**IV.**

In the matter before the Court, Plaintiff argues that the ALJ's decision is not supported by substantial evidence in the record because the ALJ erred in giving more weight to the opinion of the consultative agency physicians, Drs. Hernandez and Mukherjee, than to that of Newsome's treating nurse practitioner, Wilma Leslie, because Ms. Leslie was not "an acceptable medical source." While the ALJ must consider the totality of the evidence in considering the ultimate question of disability, *see* 20 C.F.R. § 404.1527(b), (d)(4), the Court cannot ignore that Ms. Leslie is not an "acceptable medical

source" upon whose opinion the Commissioner may rely to establish the existence of a medically determinable impairment. Only "acceptable medical sources" can provide medical opinions and, thus, only "acceptable medical sources" can be considered treating sources whose opinions may be entitled to controlling weight. *See* 20 C.F.R. §§ 416.902, 416.913(a), 416.927(a)(2), (c); Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2 (S.S.A.). True, Ms. Leslie's opinion was entitled to consideration as it was from an "other source," but it was not entitled to any special deference. SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A.); *see* 20 C.F.R. §§ 416.912(b)(4), 416.913(a), (d), 416.927; *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540-41 (6th Cir. 2007)(an ALJ has discretion to determine the proper weight to give "other sources."). Additionally, whether Plaintiff was able to work is an issue reserved to the Commissioner and opinions on that particular issue are due no particular weight. *See* 20 C.F.R. § 416.927(d)(1); *Ferguson*, 628 F.3d at 274. The ALJ did not err in declining to give greater weight to the opinion of a consultative agency physician than the opinion of a nurse practitioner.

Further, even the opinion of a treating physician – the quintessential "acceptable medical source" – may be disregarded or greater weight may be given to an examining or nonexamining

consultative medical source if the treating physician's opinion is unsupported by objective medical evidence and is inconsistent with the record as a whole. *See* 20 C.F.R. § 416.927(c)(3)-(4); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390-91 (6th Cir. 2004); *see also Massey v. Comm'r of Soc. Sec.*, 409 F. App'x 917, 920-21 (6th Cir. 2011) (affirming ALJ's denial of benefits where he gave great weight to a non-examining medical expert after properly discounting treating physician opinions and where medical evidence supported the non-examining physician opinion). Here, although Ms. Leslie was not an "acceptable medical source," there is evidence from examinations in the record which would not support Leslie's very restrictive opinion.

In July 2012, Ms. Leslie opined that Plaintiff's left knee torn meniscus, herniated disc, lower extremity neuropathy, COPD, and pulmonary hypertension limited his ability to lift/carry more than 10 pounds; sit for more than 2 hours or stand/walk for more than 2 hours total in an 8-hour workday; climb, balance, stoop, crouch, kneel, crawl, push, or pull; or be exposed to heights, moving machinery, temperature extremes, chemicals, dust, fumes, humidity, or vibration (Tr. 20, 521-23).

As the ALJ noted, despite Plaintiff's complaints of left heel pain in January 2011, his physician at Foot & Ankle Associates found upon examination that he had only mild tenderness and mild edema of the left foot (Tr. 18, 360-61). An

April 2011 venous duplex scan of Plaintiff's left leg revealed no evidence of deep vein thrombosis (Tr. 19, 505). Although endocrinologist Wendell Miers, M.D., opined in November 2009 that Plaintiff would benefit from custom-fitted shoes due to foot calluses, Plaintiff reported in July 2011 to an examiner at Foot & Ankle Associates that he was wearing "regular" shoes and that his left foot was not swelling into his left leg any longer (Tr. 19, 332, 560). The Foot & Ankle Associates examiner noted Plaintiff was stable (Tr. 19, 560). Furthermore, while an August 2011 x-ray of Plaintiff's left knee detected the appearance of tiny intraarticular loose bodies, the joint spaces were preserved and bone density was normal (Tr. 19, 516).

In March 2011, consultative pulmonologist W. R. Stauffer, M.D., examined Plaintiff on behalf of the state department of disability determination (Tr. 19, 447-51). Plaintiff was in no acute distress and had a normal gait and station without the use of a cane (Tr. 19, 449-50). His visual acuity was 20/20 in both eyes (Tr. 19, 449). He exhibited no trace edema, clubbing, or cyanosis in his extremities (Tr. 19, 449). Examination of the joints revealed no deformity, heat nodes, tenderness, or redness (Tr. 19, 450). Plaintiff demonstrated 5/5 strength in both upper and lower extremities (Tr. 19, 450). Pulmonary function studies revealed only moderate expiratory obstruction and Plaintiff's lungs were clear to auscultation without wheeze, rales, or

rhonchi (Tr. 19, 449-50). Dr. Stauffer opined Plaintiff could perform a reduced range of sedentary work largely consistent with the ALJ's RFC assessment, except that Dr. Stauffer opined Plaintiff was limited in balancing (Tr. 17, 451). However, the ALJ properly discounted Dr. Stauffer's opinion that Plaintiff was limited in balancing because Dr. Stauffer's exam revealed that Plaintiff had a normal gait and station (Tr. 19, 450).

In April 2012, orthopedic surgeon Daryl Larke examined Plaintiff for a complaint of left knee pain (Tr. 19, 524). Dr. Larke reviewed Plaintiff's knee x-rays and noted minimal arthritic change of the knee (Tr. 19, 524). Dr. Larke also reviewed Plaintiff's foot x-rays and noted that, while some degenerative changes were indicated, Dr. Larke did not see "anything major going on" (Tr. 19, 524). Dr. Larke injected 40 milligrams of the corticosteroid Kenalog5 into Plaintiff's left knee, which Plaintiff reported "completely eradicated his pain" (Tr. 19, 525).

In May 2012, Plaintiff visited cardiologist Ghassan A. Dalati, M.D., for complaints of palpitations and shortness of breath (Tr. 19, 533). At a follow-up visit in June 2012, however, Plaintiff reported feeling better overall and denied any chest pain (Tr. 19, 528). He denied any coughing, choking, chest tightness, wheezing, stridor, dizziness, syncope, weakness, or headache (Tr. 19, 529). Dr. Dalati's physical exam

findings were largely normal, including findings of no edema, clubbing, or cyanosis (Tr. 19, 530). Dr. Dalati opined that Plaintiff had good left ventricle function (Tr. 19, 530). Additionally, a June 2012 computed tomography (CT) angiography of Plaintiff's chest showed no evidence of pulmonary embolism (Tr. 19, 541).

All of this is to say is that there is a long history of examination results which support the conclusion that Newsome is not as limited as Ms. Leslie's assessment would have one believe, and the ALJ properly concluded that he could and should give great weight to the opinions of Dr. Mukherjee and Dr. Hernandez (Tr. 20). *See* 20 C.F.R. § 404.1527(e)(2)(i); SSR 96-6p, 1996 WL 374180, at *2; *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 438-40 (6th Cir. 2012); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 839 (6th Cir. 2006). To the extent that Plaintiff complains that it was error to rely on Drs. Mukherjee and Hernandez because they issued their opinions in May and June 2011, respectively, and did not examine Plaintiff or review all the evidence that would later become available, the record as a whole, as discussed by the ALJ, supports their opinions. See 20 C.F.R. § 404.1527(c)(3), (c)(4); SSR 96-6p, 1996 WL 374180, at *2. He points to no specific evidence that would have changed the Commissioner's ultimate conclusion other than Ms. Leslie's "discredited" opinion. If anything, considering the evidence in

this matter, Plaintiff has identified a weakness in the evidence obtained from Drs. Mukherjee and Hernandez, but it does not diminish the conclusions which may be drawn from them by the ALJ, in the absence of evidence to the contrary, nor does it suggest that the ALJ's opinion was not supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (rejecting the claimant's argument that substantial evidence contradicted the Commissioner's findings as a reason for remand where substantial evidence also supported the Commissioner's findings).

In passing in his brief, the Plaintiff complains that the ALJ failed to consider Plaintiff's subjective complaints of pain, to the extent that signs and findings confirm those symptoms, but he fails to identify which complaints of pain the ALJ ignored. Further, Plaintiff complains in various places in his brief that the ALJ failed to consider or give proper weight to an opinion of treating physician Debra Hall, M.D. He has failed to identify which opinion that is with specificity. The Court concludes that these arguments are waived. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a

possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (brackets and quotations omitted)).

## V.

Ultimately, Plaintiff has not met the burden of proving that his conditions caused disabling limitations. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382(a)(3)(H)(i); 20 C.F.R. §§ 404.1512(a), (c), 404.1529(a), 416.912(a), (c), 416.929(a); *Foster*, 279 F.3d at 353; *Bogle*, 998 F.2d at 347. The ALJ properly considered the relevant evidence and performed his duty as the trier of fact of resolving any conflicts in the evidence. *See Walters*, 127 F.3d at 528. Substantial evidence supports the ALJ's assessment of Plaintiff's RFC and – in turn – his hypothetical question to the VE. Therefore, the VE's testimony provides substantial evidence to support the ALJ's finding that Plaintiff could perform other work. *See Foster*, 279 F.3d at 356-57; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779-80 (6th Cir. 1987). Substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

For all of the reasons stated above, the Court concludes that Summary Judgment in favor of Defendant is warranted. Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED;** and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED.**

This the 14th day of April, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge